AMBIKA KUMAR (*pro hac vice*)
ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 757-8039
Fax: (206) 757-7039

ADAM S. SIEFF (SBN 302030)
adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendants*
*Grindr Inc. and Grindr LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRINDR INC., a Delaware corporation, and GRINDR LLC, a California Corporation,<br><br>Defendant. | Case No. 2:23-cv-02093-ODW-PD<br><br>**DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Action Filed:  March 10, 2023<br>Action Removed:  March 21, 2023<br><br>The Hon. Otis D. Wright, II<br><br>Date:  August 7, 2023<br>Time:  1:30 p.m.<br>Place:  Courtroom 5D |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 7, 2023, or as soon as may be heard thereafter, Defendants Grindr Inc. and Grindr LLC ("Grindr") will and hereby move this Court for an order dismissing with prejudice the claims alleged in the First Amended Complaint filed by Plaintiff John Doe.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's First Amended Complaint fails to state a claim. Plaintiff's claims fail as a matter of law because they are barred by 47 U.S.C. § 230(c)(1) and the First Amendment. Plaintiff also independently fails to state a claim for violation of the Trafficking Victim Protection Act, 18 U.S.C. §§ 1591, 1595, or for strict product liability, negligence, or negligent misrepresentation under California law.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on any argument heard by this Court. This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on April 24, 2023.

DATED:  April 28, 2023                    DAVIS WRIGHT TREMAINE LLP

                                           By: /s/      *Adam S. Sieff*
                                                        Adam S. Sieff

                                           Attorneys for Defendants
                                           Grindr Inc. and Grindr LLC

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ......................................................................... 1

II.   COMPLAINT'S ALLEGATIONS................................................. 2

   A.   Grindr Provides an Adult Dating App......................................... 2

   B.   Plaintiff Lies About His Age to Access Grindr, Communicates With Other Users, and Is Assaulted ...................................... 4

   C.   Plaintiff Sues Grindr.............................................................. 4

III.   LEGAL STANDARD................................................................. 4

IV.   ARGUMENT ........................................................................... 5

   A.   Section 230 Preempts All of Plaintiff's Claims Against Grindr.......... 5

      1.   The elements of Section 230 immunity are satisfied here. ........ 5

      2.   Plaintiff fails to state a claim under the FOSTA exemption. ............................................................... 9

   B.   The First Amendment Bars Plaintiff's State Claims...................... 14

   C.   Plaintiff's Claims Fail For Independent Reasons.......................... 15

      1.   Product liability law does not apply to Grindr's communication service............................................... 15

      2.   Plaintiff fails to allege an actionable duty in negligence. ........ 17

      3.   Plaintiff fails to allege negligent misrepresentation................. 19

      4.   Plaintiff fails to allege proximate causation........................... 20

V.   CONCLUSION........................................................................ 21

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*924 Bel Air Rd., LLC v. Zillow Grp., Inc.*,
   2020 WL 774354 (C.D. Cal. Feb. 18, 2020) ........................................7

*Aliya Medcare Fin., LLC v. Nickell*,
   156 F. Supp. 3d 1105 (C.D. Cal. 2015) ............................................. 20

*Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*,
   418 F.3d 600 (6th Cir. 2005) ............................................................. 14

*Anderson v. TikTok, Inc.*,
   2022 WL 14742788 (E.D. Pa. Oct. 25, 2022) ................................. 7, 9

*Apex Compounding Pharmacy, LLC v. eFax Corp.*,
   2017 WL 9500946 (C.D. Cal. Apr. 20, 2017) .................................. 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................4

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009) .............................................................5

*Beckman v. Match.com, LLC*,
   743 F. App'x 142 (9th Cir. 2018) ..................................................... 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................4

*Borman v. Brown*,
   59 Cal. App. 5th 1048 (2021) ........................................................... 19

*Bride v. Snap Inc.*,
   2023 WL 2016927 (C.D. Cal. Jan. 10, 2023) ................................. 7, 8

*Carafano v. Metrosplash.com, Inc.*,
   339 F.3d 1119 (9th Cir. 2003) ........................................................ 5, 7

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ............................................................4

ii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Corradino v. Liquidnet Holdings Inc.*,
　2021 WL 2853362 (S.D.N.Y. July 8, 2021) ...................................................... 11

*David v. Weinstein Co. LLC*,
　431 F. Supp. 3d 290 (S.D.N.Y. 2019) ............................................................. 10

*Dix v. Nova Benefit Plans, LLC*,
　2015 WL 12859221 (C.D. Cal. Apr. 28, 2015) ................................................. 20

*Doe No. 14 v. Internet Brands, Inc.*,
　2016 WL 11824793 (C.D. Cal. Nov. 14, 2016) ................................................ 19

*Doe v. Fitzgerald*,
　2022 WL 2784805 (C.D. Cal. May 13, 2022) ...................................... 11, 12, 13

*Doe v. Friendfinder Network, Inc.*,
　540 F. Supp. 2d 288 (D.N.H. 2008) .................................................................. 7

*Doe v. Internet Brands, Inc.*,
　824 F.3d 846 (9th Cir. 2016) ......................................................................... 8, 9

*Doe v. Kik Interactive, Inc.*,
　482 F. Supp. 3d 1242 (S.D. Fla. 2020) ............................................................. 7

*Doe v. MySpace, Inc.*,
　528 F.3d 413 (5th Cir. 2008) ...................................................................... 6, 7, 8

*Doe v. MySpace, Inc.*,
　629 F. Supp. 2d 663 (E.D. Tex. 2009) .............................................................. 7

*Doe v. Reddit, Inc.*,
　2021 WL 5860904 (C.D. Cal. Oct. 7, 2021),
　*aff'd*, 51 F.4th 1137 (9th Cir. 2022) ............................................................ 7, 13

*Doe v. SexSearch.com*,
　502 F. Supp. 2d 719 (N.D. Ohio 2007) ........................................................ 7, 8

*Doe v. Uber Techs., Inc.*,
　2022 WL 4281363 (N.D. Cal. Sept. 15, 2022) ................................................ 18

*Does 1-6 v. Reddit, Inc.*,
　51 F.4th 1137 (9th Cir. 2022) .......................................................... 9, 12, 13, 14

*Dyroff v. Ultimate Software Grp., Inc.*,
　934 F.3d 1093 (9th Cir. 2019) ............................................................... 5, 6, 18

iii

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Est. of B.H. v. Netflix, Inc.*,
    2022 WL 551701 (N.D. Cal. Jan. 12, 2022) ..................................................... 17

*F.T.C. v. Match Grp., Inc.*,
    2022 WL 877107 (N.D. Tex. Mar. 24, 2022) ....................................................7

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) ...............................................................................5

*Fields v. Twitter, Inc.*,
    881 F.3d 739 (9th Cir. 2018) ............................................................................ 21

*Gamache v. Airbnb, Inc.*,
    2017 WL 3431651 (Cal. Ct. App. Aug. 10, 2017) ........................................... 21

*Gavra v. Google, Inc.*,
    2013 WL 3788241 (N.D. Cal. July 17, 2013)..................................................... 18

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019) ................................................... 10, 13, 14

*Gibson v. Craigslist, Inc.*,
    2009 WL 1704355 (S.D.N.Y. June 15, 2009) ....................................................7

*Giglio v. Monsanto Co.*,
    2016 WL 1722859 (S.D. Cal. Apr. 29, 2016)............................................... 19, 20

*Hegyes v. Unjian Enters., Inc.*,
    234 Cal. App. 3d 1103 (1991) ........................................................................... 17

*Herrick v. Grindr, LLC*,
    306 F. Supp. 3d 579 (S.D.N.Y. 2018) ..................................................... 1, 6, 7, 8

*Herrick v. Grindr LLC*,
    765 F. App'x 586 (2d Cir. 2019) ............................................................. 1, 6, 8, 9

*Huett v. Weinstein Co. LLC*,
    2018 WL 6314159 (C.D. Cal. Nov. 5, 2018)..................................................... 10

*Jackson v. Airbnb, Inc.*,
    2022 WL 16752071 (C.D. Cal. Nov. 4, 2022)....................................... 16, 17, 18

*Jacobs v. Meta Platforms, Inc.*,
    2023 WL 2655586 (Cal. Sup. Ct. Mar. 10, 2023) ...................................... 16, 17

iv

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*James v. Meow Media, Inc.*,
    300 F.3d 683 (6th Cir. 2002) .................................................................. 17

*Jane Doe No. 1 v. Backpage.com, LLC*,
    817 F.3d 12 (1st Cir. 2016)...................................................................7

*Koepke v. Loo*,
    18 Cal. App. 4th 1444 (1993) ................................................................ 21

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,
    2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) ............................................ 1, 11

*Lewis v. Time Inc.*,
    83 F.R.D. 455 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) .............. 15

*M.H. v. Omegle.com, LLC*,
    2022 WL 93575 (M.D. Fla. Jan. 10, 2022)...................................................7

*McLeod v. Fessenden Sch.*,
    --- F. Supp. 3d ----, 2022 WL 3925208 (D. Mass. Aug. 31, 2022) .................. 11

*Merritt v. Countrywide Fin. Corp.*,
    2015 WL 5542992 (N.D. Cal. Sept. 17, 2015),
    *aff'd*, 783 F. App'x 717 (9th Cir. 2019)...................................................... 16

*Mewawalla v. Middleman*,
    601 F. Supp. 3d 574 (C.D. Cal. 2022) ...................................................... 20

*Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*,
    2020 WL 5128629 (N.D. Cal. Aug. 31, 2020) ............................................ 20

*Modisette v. Apple Inc.*,
    30 Cal. App. 5th 136 (2018) .............................................................. 17, 21

*Noble v. Weinstein*,
    335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................ 9, 10, 13

*Pierson v. Sharp Memorial Hosp., Inc.*,
    216 Cal. App. 3d 340 (1989) ................................................................ 16

*Quinteros v. InnoGames*,
    2022 WL 898560 (W.D. Wash. Mar. 28, 2022) ............................................ 17

*Ripplinger v. Collins*,
    868 F.2d 1043 (9th Cir. 1989) .............................................................. 15

v

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Sanders v. Acclaim Ent., Inc.*,
  188 F. Supp. 2d 1264 (D. Colo. 2002) ................................................................ 17

*Saponaro v. Grindr LLC*,
  93 F. Supp. 3d 319 (D.N.J. 2015) .......................................................... 1, 6, 7, 8

*Smith v. California*,
  361 U.S. 147 (1959) ........................................................................................ 14

*Sonneveldt v. Mazda Motor of Am., Inc.*,
  2021 WL 62502 (C.D. Cal. Jan. 4, 2021) ........................................................ 20

*State Dep't of State Hosps. v. Superior Ct.*,
  61 Cal. 4th 339 (2015) ..................................................................................... 21

*United States v. Clark*,
  435 F.3d 1100 (9th Cir. 2006) .......................................................................... 10

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .............................................................................2

*United States v. Todd*,
  627 F.3d 329 (9th Cir. 2010) ............................................................................ 12

*United States v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
  858 F.2d 534 (9th Cir. 1988) ...................................................................... 14, 15

*United States v. Wearing*,
  865 F.3d 553 (7th Cir. 2017) ............................................................................ 12

*Video Software Dealers Ass'n v. Webster*,
  968 F.2d 684 (8th Cir. 1992) ............................................................................ 15

*Watters v. TSR, Inc.*,
  904 F.2d 378 (6th Cir. 1990) ............................................................................ 17

*Wilson v. Midway Games*,
  198 F. Supp. 2d (D. Conn. 2002) ...................................................................... 17

*Winter v. G.P. Putnam's Sons*,
  938 F.2d 1033-34 (9th Cir. 1991) ..................................................................... 17

*Young v. Facebook, Inc.*,
  2010 WL 4269304 (N.D. Cal. Oct. 25, 2010) .................................................. 18

vi

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ziencik v. Snap, Inc.*,
    2023 WL 2638314 (C.D. Cal. Feb. 3, 2023) ........................................ 16, 17, 18

**Statutes**

18 U.S.C.
    § 1591.................................................................................................. 1, 9, 10, 11
    § 1591(a)(1)........................................................................................ 9, 10, 11, 12
    § 1591(a)(2)........................................................................................ 10, 12, 13
    § 1591(e)(3)........................................................................................ 10
    § 1595.................................................................................................. 1, 9, 15

47 U.S.C.
    § 230.................................................................................................. *passim*
    § 230(c)(1).......................................................................................... 1, 5, 9
    § 230(e)(5)(A) .................................................................................... 1, 9

**Rules**

Federal Rules of Civil Procedure
    Rule 9(b)............................................................................................ 19
    Rule 12(b)(6) ...................................................................................... 4

**Constitutional Provisions**

United States Constitution
    First Amendment................................................................................ *passim*

**Other Authorities**

Restatement (Third) of Torts: Product Liability § 19 (1998) ........................... 16, 17

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Four men sexually assaulted Plaintiff John Doe when he was 15 years old. Plaintiff now sues Grindr for operating the adult-only LGBTQ dating application where he met his assailants.  Plaintiff admits he had to lie about his age to access Grindr, which forbids minors from using its service.  And Plaintiff does not allege Grindr knew any of his attackers were misusing its service.  Still, Plaintiff claims Grindr is strictly liable for providing its service and negligent for failing to prevent Plaintiff from accessing it, failing to warn Plaintiff about the risks of exchanging messages with users, and allegedly misrepresenting its service was designed to be safe.  Plaintiff also asserts a claim for federal sex trafficking.

No one should endure what Plaintiff has, and Grindr takes steps to ensure only adults use its service.  But Grindr is not liable for Plaintiff's injuries.

*First*, Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), bars Plaintiff's claims.  Section 230 provides broad immunity to online services for claims stemming from the publication of content created by third parties.  The Second Circuit applied Section 230 to reject claims against Grindr in *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 592 & 592 n.8 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586, 590-91 (2d Cir. 2019), as did a federal district court in *Saponaro v. Grindr LLC*, 93 F. Supp. 3d 319, 323 (D.N.J. 2015).  Because Plaintiff's claims also turn on Grindr's role in publishing or failing to block communications, Section 230 bars them.

The Fight Online Sex Trafficking Act's amendments to Section 230, 47 U.S.C. § 230(e)(5)(A), do not save Plaintiff's claim under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591, 1595.  FOSTA exempts from Section 230 "any claim in a civil action brought under section 1595 of title 18, if the conduct underlying the claim constitutes a violation of section 1591 of that title."  But Section 1591 requires a *commercial sex act*—a sex act performed in exchange for

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

something of value—that Plaintiff has not alleged.  It also requires Plaintiff to allege facts that Grindr *knowingly* directed or participated in and benefited from the *specific* acts to traffic him.  But he does not even allege Grindr knew about his or his assailants' misuse of the service.

*Second*, the First Amendment bars Plaintiff's claims.  An intermediary like Grindr can be held liable for hosting or transmitting someone's speech only if the plaintiff shows the intermediary *knew* about the character of the speech that made it unlawful.  Plaintiff makes no such allegations.

*Third*, Plaintiff fails to state essential elements of all his claims.  The sex trafficking claim fails for the same reasons it is not exempt from Section 230.  The product liability claims fail because services like Grindr are not subject to product liability law in California.  The negligence claims fail because California does not impose a duty on websites to protect users from other users' misconduct.  The negligent misrepresentation claim also fails because it does not identify any actionable misrepresentation, Plaintiff's reliance, or Grindr's intent.  All of the state claims fail because Plaintiff has not plausibly alleged proximate causation.

The Court should dismiss this lawsuit with prejudice.

## II.   COMPLAINT'S ALLEGATIONS

The following is taken from the allegations of the First Amended Complaint ("FAC"), as well as sources the FAC incorporates by reference and relies upon.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### A.   Grindr Provides an Adult Dating App

Grindr, a dating app for LGBTQ adults, permits users "to communicate with one another" and "exchange private messages."  *Id.* ¶¶ 21, 25, 33.

Grindr prohibits minors from accessing the app and prohibits adults from communicating with anyone they believe is a minor.  *Id.* ¶¶ 29, 35, 49, 85, 161, 165.  Its Terms and Conditions of Service state: "<u>NO USE BY UNDERAGE PERSONS.</u> The Grindr Services are intended ONLY for legal adults. NO PERSONS UNDER

THE AGE OF EIGHTEEN (18) YEARS (OR THE AGE OF MAJORITY IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) MAY ATTEMPT, DIRECTLY OR INDIRECTLY, TO VIEW, DOWNLOAD, POSSESS, OR OTHERWISE USE THE GRINDR SERVICES." *Id.* ¶¶ 85, 161, 165 (referencing the Grindr Terms & Conditions of Service, https://www.grindr.com/terms-of-service/) ("Terms").

Grindr requires users to input their birthdate before accessing its service. *Id.* ¶¶ 26, 29.  The Grindr Terms state:

> YOU MUST BE A LEGAL ADULT.  BY ACCEPTING THIS AGREEMENT, CREATING A USER ACCOUNT (AS DEFINED BELOW), AND ENTERING A DATE OF BIRTH FOR AGE VERIFICATION PURPOSES, YOU AFFIRMATIVELY REPRESENT AND WARRANT: YOU ARE CURRENTLY EIGHTEEN (18) YEARS OF AGE OR OVER (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY); YOU ARE CAPABLE OF LAWFULLY ENTERING INTO AND PERFORMING ALL THE OBLIGATIONS SET FORTH IN THIS AGREEMENT[.]

Only users who verify they are at least the age of majority are permitted to access Grindr, post content, or communicate with others. *Id.* ¶¶ 29, 35, 49, 85, 161, 165.

Although Grindr takes steps to operate a safe platform, *id.* ¶¶ 85-86, 161, 165, like every other social-networking service, as its Terms state, it does not control its users' content and communications or any resulting interactions:

> **SAFETY; YOUR INTERACTIONS WITH OTHER MEMBERS; NO CRIMINAL BACKGROUND OR IDENTITY VERIFICATION CHECKS.**  PLEASE NOTE THAT GRINDR DOES NOT CONTROL ANY OF THE THINGS OUR USERS SAY OR DO.  YOU ARE SOLELY RESPONSIBLE FOR YOUR USE OF THE GRINDR SERVICES AND YOUR INTERACTIONS WITH OTHER USERS (WHETHER ON OR OFF THE GRINDR SERVICES).  GRINDR MAKES NO REPRESENTATIONS OR WARRANTIES AS TO THE CONDUCT, IDENTITY, INTENTIONS, LEGITIMACY, OR VERACITY OF ANY USERS.

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Plaintiff Lies About His Age to Access Grindr, Communicates With Other Users, and Is Assaulted

Plaintiff, a resident of rural Canada, began using Grindr as "no one in his family had observed any signs" he was gay, and he was "too ashamed to tell his parents." FAC ¶¶ 10, 45. Plaintiff violated Grindr's Terms and "lie[d] about [his] age" to access Grindr. *Id.* ¶¶ 29, 49. He created a profile and "exchanged messages" with four men between April 4, 2019, and April 8, 2019, with whom he engaged in sexual activity. *Id.* ¶¶ 54-63. Three of the men were convicted of statutory rape and making sexually explicit material available to a minor. *Id.* ¶ 66. Plaintiff disclosed the events to his mother after she caught him sneaking out of the house. *Id.* ¶ 64.

### C. Plaintiff Sues Grindr

Plaintiff asserts claims against Grindr for (i-iii) strict products liability (*id.* ¶¶ 89-125), (iv) negligence (*id.* ¶¶ 126-132), (v) negligent misrepresentation (*id.* ¶¶ 133-142), and (vi) violation of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591, 1595. Plaintiff claims Grindr is responsible for his injuries because it failed to prevent him from communicating with his assailants, implement more effective age verification procedures, *id.* ¶¶ 65, 67, 107; monitor his communications, *id.* ¶¶ 65, 67, 107; warn about the risks of communicating with other users (or warn other users that Plaintiff was a minor), *id.* ¶¶ 14, 65, 122; and refrain from representing its service is "designed to create a safe and secure environment," *id.* ¶¶ 87, 92, 135, 138, 148.

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper if a plaintiff fails to allege "a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[L]egal conclusions" "must be supported by fact[s]" sufficient to "state a claim to relief that is

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plausible[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## IV.   ARGUMENT

Section 230 bars Plaintiff's claims.  The First Amendment bars his state claims.  And Plaintiff fails to and cannot allege elements of all his claims.

### A.   Section 230 Preempts All of Plaintiff's Claims Against Grindr.

#### 1.   The elements of Section 230 immunity are satisfied here.

Enacted to bolster First Amendment protections for online intermediaries, Section 230(c)(1) protects websites from claims that ultimately seek to hold them liable for publishing or failing to block a user's content.  *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009).

The test is whether (1) the defendant provides an "interactive computer service" and (2) the plaintiff seeks to treat the defendant "as a publisher or speaker" (3) "of information provided by another information content provider."  *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes*, 570 F.3d at 1100-01).  Courts construe these elements broadly "in favor of immunity," *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc), to effectuate Congress's "policy choice not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages."  *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003) (citation omitted).  Section 230 "protect[s] websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."  *Roommates*.com, 521 F.3d at 1175.  Thus, "[w]hen a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed."  *Dyroff*, 934 F.3d at 1097.

The three elements of Section 230(c)(1) immunity are satisfied here.  First, federal courts have held that Grindr is an interactive computer service provider.  *Herrick v. Grindr LLC*, 765 F. App'x 586, 589-90 (2d Cir. 2019); *Saponaro,* 93 F.

Supp. 3d at 323 (undisputed).

As to the remaining elements, Plaintiff's claims seek to hold Grindr liable as "the publisher or speaker" of "information provided by another information content provider." *Dyroff*, 934 F.3d at 1097. The Second Circuit dismissed similar claims in *Herrick*. There, the plaintiff alleged he was "the victim of a campaign of harassment" in which his ex-boyfriend used the app to "direct… other users to Herrick's home and workplace." 765 F. App'x at 588. Like Plaintiff, Herrick asserted claims for negligence and failure to warn of or prevent his injuries. *Id.* Like Plaintiff, Herrick purported to base his claims on "Grindr's design and operation of the app rather than on its role as a publisher of third-party content." *Id.* at 590. But the Second Circuit held the app's alleged defects were "only relevant to Herrick's injury to the extent that [they] would make it more difficult for his former boyfriend to post impersonating profiles or make it easier for Grindr to remove them." *Id.* Here, too, Plaintiff seeks to force Grindr to take measures that would have made it more difficult for his assailants to communicate with him. *See* FAC ¶¶ 14, 65, 67, 87, 107, 122, 135, 138, 148.

The Fifth Circuit reached the same conclusion in an even more analogous case. In *Doe v. MySpace, Inc.*, 528 F.3d 413, 416 (5th Cir. 2008), a minor and her parents alleged that a social networking website failed to implement adequate safety features, including age-verification software, to prevent her from accessing the site and communicating with an adult who later assaulted her. *Id.* at 419-22. Quoting the district court's opinion, the court agreed that "[i]t is quite obvious the underlying basis of Plaintiffs' claims is that, through postings on MySpace," the adult and minor "met and exchanged personal information which eventually led to an in-person meeting and the sexual assault." *Id.* at 419. Thus, the court concluded, "[n]o matter how artfully Plaintiffs seek to plead their claims," they were "directed toward MySpace in its publishing, editorial, and/or screening capacities." *Id.* at 420; *see also, e.g.*, *924 Bel Air Rd., LLC v. Zillow Grp., Inc.*, 2020 WL 774354, at

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*3 (C.D. Cal. Feb. 18, 2020) (Wright, J.) (applying *MySpace* to hold Section 230 bars claims that website had an "inadequate monitoring system").

Courts nationwide—including in this District in *Bride v. Snap Inc.*, 2023 WL 2016927 (C.D. Cal. Jan. 10, 2023) and *Doe v. Reddit, Inc.*, 2021 WL 5860904, at *3-6 (C.D. Cal. Oct. 7, 2021), *aff'd*, 51 F.4th 1137 (9th Cir. 2022)—have consistently applied *MySpace* to reject similar attempts to skirt Section 230. *See, e.g.*, *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 21 (1st Cir. 2016); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003); *Anderson v. TikTok, Inc.*, 2022 WL 14742788, at *4 (E.D. Pa. Oct. 25, 2022); *F.T.C. v. Match Grp., Inc.*, 2022 WL 877107, at *10 (N.D. Tex. Mar. 24, 2022); *M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *5-6 (M.D. Fla. Jan. 10, 2022); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1249, 1252 (S.D. Fla. 2020); *Herrick*, 306 F. Supp. 3d at 590-91; *Saponaro*, 93 F. Supp. 3d at 323; *Doe v. MySpace, Inc.*, 629 F. Supp. 2d 663, 665 (E.D. Tex. 2009); *Gibson v. Craigslist, Inc.*, 2009 WL 1704355, at *4 (S.D.N.Y. June 15, 2009); *Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288, 295 (D.N.H. 2008); *Doe v. SexSearch.com*, 502 F. Supp. 2d 719, 727-28 (N.D. Ohio 2007).

The *Bride* plaintiffs also alleged that social networking services were obligated to verify users' identities and not "misrepresent[] their applications' safety." 2023 WL 2016927 at *5, *6. Plaintiffs claimed that "user anonymity" on defendants' services was a "defective design feature" that enabled others to harass them. *Id.* at *1, *5. The court dismissed plaintiffs' products liability, negligence, and negligent misrepresentation claims because "decisions about the structure and operation of a website … fundamentally seek to hold Defendants liable based on content published by anonymous third parties." *Id.* at *5 (citations omitted). Section 230 barred plaintiffs' negligent misrepresentation claims as they were "still predicated on content developed by [] third parties" since they "would not be cognizable" if "those third-party users refrained from posting harmful content.". *Id.*

at *6 (citation omitted).

Just as in *Herrick*, *MySpace*, and *Bride*, the inescapable genesis of Plaintiff's injuries is *user-generated content*—profile information and messages between Plaintiff and his assailants—that Plaintiff claims he should not have been permitted to send or receive. *See, e.g.*, FAC, ¶ 103 (claiming that "but for the Grindr App," Plaintiff "would not have connected with" his attackers). But as the *Herrick* district court explained, "the existence *vel non* of safety features" on a service "is meaningless in a vacuum, and their existence is only relevant" "to the extent that such features would make it more difficult" (or here, impossible) to send and receive the offending content. 306 F. Supp. 3d at 591. Even where "pleaded to avoid" Section 230, negligence theories like this *"*implicitly require recourse to … content posted by a third party to establish liability," *id.* at 590, and thus violate Section 230.

So, too, Plaintiff's failure to warn and negligent representation theories are "inextricably linked to Grindr's alleged failure to edit, monitor, or remove" user content. *Herrick*, 765 F. App'x at 591; *see also, e.g.*, *SexSearch.com*, 502 F. Supp. 2d at 727-28, 731 (Section 230 barred negligent misrepresentation claim based on site's "promis[e] all members were adults"); *Saponaro*, 93 F. Supp. 3d at 323-24 (similar with respect to Grindr). It is well-established that requiring a service to post "a warning" or make some other representation "about third-party content is a form of editing" that implicates Section 230. *Herrick*, 306 F. Supp. 3d at 592 & 592 n.8. As in *Herrick*, the proposed warning would commandeer "Grindr's publishing functions" by requiring it to "publish a warning about the potential for misuse of content posted to its site." *Id.* at 592 & 592 n.8. Section 230 bars any claim that "seeks to hold [Grindr] responsible for failing to monitor its website" and prevent minors from "us[ing] its service." *Saponaro*, 93 F. Supp. 3d at 323-24.

The Ninth Circuit's decision in *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016), does not change the analysis. *See Herrick*, 765 F. App'x at 591

(rejecting plaintiff's reliance on *Internet Brands*).  In *Internet Brands*, the Ninth Circuit found Section 230 inapplicable because the website operator had actual knowledge "from an outside source" that the "two individuals" who contacted the plaintiff model had "been criminally charged" for using the site to lure models into sexual assault.  *Id.* at 848-49.  The case thus concerned a narrow question: "whether it would be inconsistent with section 230(c)(1)… to require an interactive computer service provider to warn its users about the threat of *a known sexual predator*."  *Id.* at 850-51 (emphasis added).  Here, Plaintiff alleges no facts to suggest Grindr had any knowledge of Plaintiff, his attackers, or their conduct.  *See, e.g.*, FAC ¶¶ 75-88.  Further, unlike in *Internet Brands*, where the plaintiff did not allege any content on the site had led to her assault, Plaintiff repeatedly ties his alleged harms to user content, alleging he "exchanged messages" on Grindr with his attackers, who "demanded" that he perform illegal sex acts.  *E.g.*, FAC ¶¶ 60-62.  *See Anderson*, 2022 WL 14742788, at *3 (distinguishing *Internet Brands* on this basis).

Claims like Plaintiff's implicate the online publishing and editorial functions that Section 230 exists to protect.

### 2. Plaintiff fails to state a claim under the FOSTA exemption.

Plaintiff cannot evade Section 230 through FOSTA, which exempts from immunity a claim under 18 U.S.C. § 1595 that "constitutes a violation of section 1591 of title 18."  47 U.S.C. § 230(e)(5)(A).  This requires a plaintiff to "plausibly allege that the website's own conduct violated section 1591."  *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022).

Section 1591 establishes two offenses.  Under subsection (a)(1), it is a felony for a *direct perpetrator* to "knowingly… (1) recruit[], entice[], harbor[], transport[], provide[], obtain[], or maintain[] by any means a person; (2) knowing, or in reckless disregard of the fact, that . . . the person has not attained the age of 18 years; (3) to cause the person to engage in a commercial sex act."  *Noble v. Weinstein*, 335 F. Supp. 3d 504, 515 (S.D.N.Y. 2018) (citations omitted).  Subsection (a)(2) makes it a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

felony for a *third party* to aid or abet and benefit from a violation of subsection (a)(1).   "[A]iders and abettors … are liable … only if they [1] knowingly [2] 'benefit, financially or by receiving anything of value, [3] from participation in a venture which has engaged in' sex trafficking."  *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (citations omitted).  Plaintiff has not stated a claim under Sections 1591(a)(1) or (a)(2).

### a.   Plaintiff fails to allege any "commercial sex act," barring all claims under 18 U.S.C. § 1591.

Plaintiff's direct perpetrator and beneficiary theories both require alleging that Plaintiff engaged in a "commercial sex act."  18 U.S.C. §§ 1591(a)(1)-(2).  He has not done so.

A commercial sex act is "any sex act on account of which anything of value is given to or received by any person."  18 U.S.C. § 1591(e)(3).  As the Ninth Circuit put it, it is "a commercial transaction through which money"—or some other thing of value—"is exchanged for sex acts."  *United States v. Clark*, 435 F.3d 1100, 1115 (9th Cir. 2006).  In other words, there must be "some sort of quid pro quo for the sex acts."  *David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 305 n.5 (S.D.N.Y. 2019).  In cases involving Harvey Weinstein, for example, courts have credited allegations that establish "a connection between" a plaintiff's "meetings" with Weinstein "and the potential for advancement, on the one hand, and the sexual assaults, on the other," since the plaintiffs "expected to receive something of value" from Weinstein "in exchange" for the sex acts alleged.  *David*, 431 F. Supp. 3d at 305 & 305 n.5; *see also, e.g.*, *Huett v. Weinstein Co. LLC*, 2018 WL 6314159, at *3 (C.D. Cal. Nov. 5, 2018) (element alleged where "Plaintiff received something of value" from Weinstein "in exchange for the sex act"); *Noble*, 335 F. Supp. 3d at 521 (same); *Geiss*, 383 F. Supp. 3d at 168 (same).

Plaintiff fails to plead a commercial sex act where, as here, "there is no indication" the plaintiff engaged in the act "in exchange for something of value."

*Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362, at \*3 (S.D.N.Y. July 8, 2021). *Corradino* concerned allegations that Liquidnet wrongfully terminated the plaintiff after she refused sex with company executives. *Id.* at \*1-2. The court held the plaintiff "does not allege" the executives "ever proposed any sort of *quid pro quo*, like sex for career advancement." *Id.* at \*3. Likewise in *Doe v. Fitzgerald*, 2022 WL 2784805, at \*5 (C.D. Cal. May 13, 2022), a court in this District dismissed Section 1591 claims where the plaintiff failed to "allege anything of value was exchanged" "other than" the defendant's receipt of "sexual gratification." *See also, e.g.*, *McLeod v. Fessenden Sch.*, --- F. Supp. 3d ----, 2022 WL 3925208, at \*3 (D. Mass. Aug. 31, 2022) (dismissing where "[n]othing in the complaint alleges" the plaintiff "engaged in sexual activity because she expected to receive" any "gift"); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at \*16 & 16 n.16 (W.D. Ark. Dec. 24, 2013) (no commercial sex act where plaintiffs not "paid as some sort of quid pro quo" or otherwise "compensated" "'on account of' the sex acts").

The criminal sex acts in this case are abhorrent, but they are not commercial sex acts. Plaintiff does not allege he was enticed to have sex in exchange for anything of value or as part of any kind of quid pro quo. Rather, the FAC alleges that four criminals sexually assaulted an underage boy who lied about his age to "make friends" because he was too afraid to tell his family he was gay. FAC ¶ 11. These are crimes for which three men are incarcerated, not commercial sex acts.

> **b.     Plaintiff fails to allege Grindr knowingly perpetrated a specific attempt to traffic him under 18 U.S.C. § 1591(a)(1).**

To state a direct perpetrator claim under Section 1591(a)(1), a plaintiff must allege the defendant acted with "knowledge" and "planned" to "cause his victim to engage in a commercial sex transaction." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). "[O]ther circuits" agree the "logical meaning" of this requirement

"is that it describes the acts that the defendant *intends* to take—that is, that he means to 'cause' the minor to engage in commercial sex acts." *United States v. Wearing*, 865 F.3d 553, 556 (7th Cir. 2017) (citing *Todd*, 627 F.3d at 334, among others). Plaintiff's claim fails because he does not and cannot allege Grindr led him to use its service knowing (i) he was a minor and (ii) "someone" would sexually assault him. *Fitzgerald*, 2022 WL 2784805, at *4 (dismissing for this).

First, Plaintiff does not allege Grindr knew he was a minor. In fact, the FAC admits he told Grindr he was an adult. *See* FAC ¶¶ 26, 29, 49. Plaintiff alleges Grindr should have known he was a minor because his account operated in the vicinity of a high school, but adults work at or near high schools, *id.* ¶¶ 12, 52-53, 62, 65; and, regardless, Plaintiff alleges no facts showing Grindr's *actual knowledge* of his age. *See, e.g.*, *Fitzgerald*, 2022 WL 2784805, at *7 (dismissing claim as plaintiff "fails to allege … anyone had knowledge of her age").

Second, Plaintiff alleges nothing to suggest Grindr "planned" to cause him to engage in an illicit sex act. *Todd*, 627 F.3d at 334. That Grindr allegedly knew of prior assaults is insufficient. *Cf.* FAC ¶¶ 75-88. The statute "requires knowledge of a future action" that "will in the future cause" a specific plaintiff to be assaulted. *Todd*, 627 F.3d at 334; *see also* 18 U.S.C. § 1591(a)(1) (knowledge element applies to "the person" trafficked). This is also dispositive.

### c. Plaintiff fails to allege Grindr knowingly benefited from participating in a sex trafficking venture under 18 U.S.C. § 1591(a)(2).

To state a beneficiary claim under Section 1591(a)(2), Plaintiff must plausibly allege Grindr "[1] knowingly [2] 'benefit[ed], financially or by receiving anything of value, [3] from participation in a venture which has engaged in' . . . sex trafficking." *Reddit, Inc.*, 51 F.4th at 1145 (quoting statute). The participation element requires Plaintiff to identify "specific conduct" that "furthered" his attackers' "sex trafficking venture," "with the knowledge" that it was furthering

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"the venture." *Id.* (citing *Noble*, 335 F. Supp. 3d at 524). The benefit element requires Plaintiff to allege "a causal relationship between" Grindr's "affirmative conduct furthering the sex-trafficking venture and receipt of a benefit" with "actual knowledge" of that relationship. *Id.* (citing *Geiss*, 383 F. Supp. 3d at 169).

*Reddit* is instructive. There, the Ninth Circuit affirmed dismissal of Section 1591(a)(2) claims against Reddit for failing to prevent circulation of sexually explicit images of minors. 51 F.4th at 1145-46. It held that even if Reddit "provide[s] a platform where it is easy" for sex traffickers "to share child pornography," "these allegations suggest only that Reddit 'turned a blind eye' to the unlawful content posted on its platform, not that it actively participated in sex trafficking." *Id.* at 1145 (citation omitted). The Court also rejected the plaintiffs' knowing benefit allegations, holding that even if Reddit "makes money from advertising on all popular subreddits," some of which may contain child pornography, those "general benefits" are "insufficient" to establish a known "connection between the child pornography posted on Reddit and the revenue Reddit generates." *Id.* at 1146 (citations omitted); *see also Fitzgerald*, 2022 WL 2784805, at *6 (claim failed where "alleged benefit did not *arise from* [defendant's] participation in the venture").

The allegations supporting Plaintiff's Section 1591(a)(2) beneficiary claim suffer the same defects. Plaintiff does not allege facts that plausibly demonstrate Grindr's knowing participation in his attackers' crimes, or that Grindr had any expectation of benefiting from them. Aside from legal conclusions, Plaintiff alleges that Grindr (i) had *constructive* knowledge that *some* sex traffickers have misused its platform, *id.* ¶¶ 78, 84-85, 153-55, and (ii) benefits *generally* from traffic to its website, *id.* ¶¶ 146, 150. But "[t]he controlling question" "is whether" Plaintiff's assailants "provided any benefits" to Grindr "because of" Grindr's affirmative conduct (if any) to knowingly facilitate their specific "sexual misconduct." *Geiss*, 383 F. Supp 3d at 169 (applied in *Reddit*, 51 F.4th at 1145-46). The FAC does not

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and cannot possibly allege any factual basis to infer specific acts by Grindr that knowingly furthered Plaintiff's assailants' misconduct (i.e., participation), or that Grindr undertook any such acts with "actual knowledge" it would receive a benefit from those assailants as a result (i.e., the "causal relationship"). *Reddit*, 51 F.4th at 1145. Since the FAC "pleads no facts that would plausibly support such a conclusion," the claim fails. *Geiss*, 383 F. Supp 3d at 169.

## B.    The First Amendment Bars Plaintiff's State Claims

The First Amendment prohibits holding a forum for speech liable for the content it publishes without proof that the forum at least had "knowledge … of the contents" of the speech in question. *Smith v. California*, 361 U.S. 147, 149 (1959). Because Plaintiff's negligence and product liability claims seek to impose strict liability or liability based on what Grindr "should have known" about the speech it distributed "regardless of whether" Grindr had knowledge of its contents, FAC ¶¶ 89-125, 129, 136-37, the FAC runs afoul of this rule.

In *Smith,* the Supreme Court invalidated a law holding booksellers strictly liable for selling "obscene" books because it would have resulted in self-censorship. The problem was "[t]he bookseller's limitation in the amount of reading material with which he could familiarize himself." 361 U.S. at 153-54. If the bookseller could be liable merely for hosting offensive speech, the Court reasoned, the risk of liability "would tend to restrict the public's access to forms of the printed word" and "have the collateral effect of inhibiting the freedom of expression by making the individual the more reluctant to exercise it." *Id.* at 151, 153-54.

Under *Smith*, a "distributor" of speech may "not be punished if he did not have some 'knowledge of the contents' of the allegedly" unlawful material. *United States v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 858 F.2d 534, 539 (9th Cir. 1988) (citation omitted); *see also Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 611 (6th Cir. 2005) (under *Smith*, "any" law that "chills the exercise of First Amendment rights must contain a knowledge element")

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(quoting *Video Software Dealers Ass'n v. Webster*, 968 F.2d 684, 690 (8th Cir. 1992)). Thus, in *Lewis v. Time Inc.*, 83 F.R.D. 455, 464-65 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983), the plaintiff failed to state a claim against distributors of Time Magazine because "n[o] specific facts" were "alleged to show that the distributor defendants had knowledge of the defamatory nature" of the speech published. "[T]here can be no liability" in "any lawsuit" against a "distributor" of third-party speech consistent with "[t]he high standards required by the First Amendment," the court found, "absent scienter" and "specific factual allegations concerning actual knowledge." *Id.* at 465.

The First Amendment bars Plaintiff's claims. The FAC does not allege Grindr knew the contents of Plaintiff's communications with his assailants, nor that those assailants were communicating through Grindr to commit crimes. Rather, Plaintiff claims Grindr generally knew *some* users had previously used the service to arrange illegal activities. *See* FAC ¶¶ 75-88. In such circumstances, permitting Plaintiff to impose "liability on a publisher" like Grindr for enabling him to communicate with men who attacked him "would have an undoubted chilling effect on speech." *U.S. Dist. Ct.*, 858 F.2d at 539 (citation omitted); *see also Ripplinger v. Collins*, 868 F.2d 1043, 1056 (9th Cir. 1989) (provision permitting liability against distributors who "should know" speech contains obscenity "unduly chills" speech).

## C. Plaintiff's Claims Fail For Independent Reasons

Plaintiff also fails to state any claim. His failure to state a federal sex trafficking claim under 18 U.S.C. § 1595 (Count VI) is addressed above. *See supra* § IV.A.2. His state-law claims fail for the following reasons.

### 1. Product liability law does not apply to Grindr's communication service.

Product liability law does not apply to intangible services like Grindr or to tangible products to redress harms caused by expression.

First, California does not apply product liability to services like Grindr. *See*

15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Pierson v. Sharp Memorial Hosp., Inc.*, 216 Cal. App. 3d 340, 345 (1989). Its law extends product liability to "tangible goods—not intangible goods or services." *Merritt v. Countrywide Fin. Corp.,* 2015 WL 5542992, at *22 (N.D. Cal. Sept. 17, 2015), *aff'd*, 783 F. App'x 717 (9th Cir. 2019). This approach follows the Restatement (Third) of Torts: Product Liability (1998), which defines "products" as "tangible items, such as tires, automobiles, and insecticides," *id.* at § 1, and states that "[s]ervices, even when provided commercially, are not products," *id.* at § 19(b). Courts nationwide "are unanimous in refusing to categorize commercially-provided services as products." *Id.* § 19 cmt. f (citing cases).

Courts in this District applying California law have held that offering an online "platform that connects users," like Grindr, is "a service," not "a product" subject to product liability law. *Jackson v. Airbnb, Inc.*, 2022 WL 16752071, at *9 (C.D. Cal. Nov. 4, 2022) (granting motion to dismiss because Airbnb app is a service, not a product). Thus in *Ziencik v. Snap, Inc.*, 2023 WL 2638314 (C.D. Cal. Feb. 3, 2023), the court found that the Snapchat "communication platform" is a "service" that, like other "internet sites," are "not products" subject to product liability law. *Id.* at *1, *4. It dismissed the plaintiffs' product liability claims based on Snap's transmission of messages "because they do not allege a defect in a tangible product as opposed to a service." *Id.* at *4; *see also Jacobs v. Meta Platforms, Inc.*, 2023 WL 2655586, at *4 (Cal. Sup. Ct. Mar. 10, 2023) (sustaining demurrer because "a social media platform that connects its users" "is more akin to a service than a product").

Second, Plaintiff's product liability claims fail because they seek relief for harms allegedly inflicted by the way Grindr "facilitates" the "exchange" of expression. FAC ¶¶ 98, 100, 102-03, 111. Product liability law does not apply to "words and ideas" or a "publisher's role in bringing ideas and information to the public." *Winter v. G.P. Putnam's Sons*, 938 F.2d 1033-34, 1035 n.8 (9th Cir. 1991) (applying California law); *see also* Restatement (Third) of Torts: Prod. Liab. § 19

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

cmt. d (1998) (no product liability where "plaintiff's grievance" results from "information" even when published through "tangible medium").  "The purposes served by product liability law" are not suited to "the unique characteristics of ideas and expression," and any other rule would "seriously inhibit those who wish to share thoughts and theories," raising the "disturbing … prospect that we might be deprived of the latest ideas and theories."  *Winter*, 938 F.3d at 1033-34; *see also James v. Meow Media, Inc.*, 300 F.3d 683, 695 (6th Cir. 2002) (limitation avoids "significant constitutional problems under the First Amendment"); *Watters v. TSR, Inc.*, 904 F.2d 378, 381 (6th Cir. 1990) (same).

"There is," therefore, "no strict liability" for "forms of media" like Grindr that distribute expression.  *Est. of B.H. v. Netflix, Inc.*, 2022 WL 551701, at *3 (N.D. Cal. Jan. 12, 2022) (Netflix); *see, e.g.*, *Wilson v. Midway Games*, 198 F. Supp. 2d, 167, 170, 174 (D. Conn. 2002) (videogames); *Sanders v. Acclaim Ent., Inc.*, 188 F. Supp. 2d 1264, 1279 (D. Colo. 2002) (videogames); *Quinteros v. InnoGames*, 2022 WL 898560, at *7 (W.D. Wash. Mar. 28, 2022) ("mobile app"); *James*, 300 F.3d at 687 (videogames, "internet transmissions"); *Jackson*, 2022 WL 16752071, at *9 (Airbnb); *Ziencik*, 2023 WL 2638314, at *4 (Snapchat); *Jacobs*, 2023 WL 2655586, at *4 (Instagram).  Because Plaintiff's product liability claims turn upon Grindr's role facilitating communication, they must be dismissed.

## 2. Plaintiff fails to allege an actionable duty in negligence.

Duty is an "essential element" in "any negligence suit."  *Modisette v. Apple Inc.*, 30 Cal. App. 5th 136, 143 (2018).  Because the FAC fails to allege "a legal duty of care was owed," it "is fatally defective."  *Hegyes v. Unjian Enters., Inc.*, 234 Cal. App. 3d 1103, 1111 (1991).

Plaintiff alleges Grindr should have prevented "communications" "between" him and his attackers.  FAC ¶¶ 127, 131.  But websites do not owe users a legal duty when they "facilitate[] communication, in a content-neutral fashion, of [their] users' content."  *Dyroff*, 934 F.3d at 1101 (applying California law).  That some

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

other users allegedly misused the service before is immaterial.  *Cf.* FAC ¶¶ 78-85, 130.    The *Dyroff* plaintiff alleged a website was obligated to design its "recommendations and notifications" to stop users from connecting for harmful reasons, such as to buy and sell drugs.  934 F.3d at 1095, 1101.  The Ninth Circuit rejected that argument, holding that this amounted to "nonfeasance"—a failure to affirmatively help a user—and did not create "an ordinary duty of care" under California law since no "special relationship" exists between websites and users. *Id.* at 1100-11; *see also Beckman v. Match.com, LLC*, 743 F. App'x 142, 143 (9th Cir. 2018) (same under Nevada law).

Federal courts applying California law consistently dismiss claims to impose similar duties on websites.  *See, e.g.*, *Gavra v. Google, Inc.*, 2013 WL 3788241, at *2-3 (N.D. Cal. July 17, 2013) (no duty to block content); *Young v. Facebook, Inc.*, 2010 WL 4269304, at *5 (N.D. Cal. Oct. 25, 2010) (same).  Thus in *Ziencik*, 2023 WL 2638314, at *5, the court dismissed a claim that Snap's app had "[in]adequate safety measures," reasoning that the "creation and operation of a communication platform" "does not by itself" generate a duty to protect users from messages "as a matter of law."  *Id.* (citation omitted).  So too in *Jackson,* where the court refused to hold Airbnb liable for misconduct at a property listed on its service, even where the plaintiff alleged Airbnb was "abundantly aware of the incessant criminal activity taking place in all areas of its operations," 2022 WL 16752071, at *8 (citation omitted).  Merely "hosting the opportunity" for misconduct was "nonfeasance," and without any "special relationship," gave rise to no duty.  *Id.* at *7 (citation omitted); *see also Doe v. Uber Techs., Inc.*, 2022 WL 4281363, at *1 (N.D. Cal. Sept. 15, 2022) ("Uber did not owe [a] duty of care to protect [users] from injuries caused by third-party criminal acts").

*Doe No. 14 v. Internet Brands, Inc.*, 2016 WL 11824793, at *5-6 (C.D. Cal. Nov. 14, 2016), is instructive.  On remand, Judge Walter granted the defendant's motion to dismiss the negligence claim, concluding the website "had no duty to

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  warn" its "users that they were at risk of being victimized," even where (unlike
2  here) the plaintiff alleged the platform had actual knowledge that certain users had
3  used its service to attack other users before. *Id.* at *6. The court held that the
4  platform had no special relationship with the plaintiff or her attackers; "knowledge"
5  of even specific users' "threat to its member base at large" (rather than a "specific
6  member") was insufficient; and imposing a duty to prevent harm caused by
7  communications services host "would likely have a 'chilling effect' on the internet"
8  and speech online. *Id.* at *5. The grounds for a duty are weaker here where Grindr
9  undisputedly had no knowledge of Plaintiff's attackers or their scheme.

10              **3.     Plaintiff fails to allege negligent misrepresentation.**

11       In another (futile) attempt to plead around Section 230, Plaintiff alleges
12  Grindr negligently "misrepresented that the Grindr App is designed to create a safe
13  and secure environment for its users." FAC ¶ 135.

14       Plaintiff has not stated a claim for negligence, nor does he satisfy the
15  additional requirements of negligent misrepresentation, i.e., (1) the unreasonable
16  misrepresentation of some fact, (2) with intent to induce the plaintiff's reliance on
17  that fact, and (3) plaintiff's reasonable reliance on the misrepresentation. *See
18  Borman v. Brown*, 59 Cal. App. 5th 1048, 1060 (2021) (citations omitted). "[T]he
19  majority of the district courts in California . . . consider negligent misrepresentation
20  a species of fraud" and "apply" Rule 9(b)'s heightened pleading requirements.
21  *Giglio v. Monsanto Co.*, 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016).
22  Plaintiff has not alleged these elements, much less with the rigor Rule 9(b) requires.

23       At the outset, Plaintiff fails to identify any alleged misrepresentation.
24  Though the FAC alleges Grindr "negligently misrepresented that the Grindr App is
25  designed to create a safe and secure environment for its users," ¶ 135, it identifies
26  no source for this statement. That is dispositive. *See, e.g.*, *Giglio*, 2016 WL
27  1722859 at *4 (dismissing claim lacking the "who, what, when, where, and how of
28  the misrepresentations"). But even assuming Plaintiff intended to rely on the

19
GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD
**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(different) statement in Grindr's Terms that Grindr's services are "designed to create a safe, authentic, and law-abiding community," the claim would still fail.

First, statements of this nature are aspirational, not statements of fact.  *See, e.g.*, *Sonneveldt v. Mazda Motor of Am., Inc.*, 2021 WL 62502, at *7, *8 (C.D. Cal. Jan. 4, 2021) (statements about safety are "puffery" and "not actionable").

Second, Plaintiff does not allege Grindr *intended* him to rely on any misrepresentations.  *Cf.* FAC ¶¶ 138, 140.  "[C]onclusory statements about intent to defraud, without corroborating factual allegations, are insufficient."  *Aliya Medcare Fin., LLC v. Nickell*, 156 F. Supp. 3d 1105, 1128 (C.D. Cal. 2015) (dismissing claim).  As in *Apex Compounding Pharmacy, LLC v. eFax Corp.*, 2017 WL 9500946, at *5 (C.D. Cal. Apr. 20, 2017), Plaintiff's "conclusory" and "threadbare allegations" of intent do not "sufficiently plead the knowledge or intent elements of … negligent misrepresentation."

Third, Plaintiff does not allege reasonable reliance. His conclusory allegations parroting this element, FAC ¶¶ 141-42, are inadequate. *E.g.*, *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 601 (C.D. Cal. 2022).  And any conclusion that Grindr guarantees its users' safety would have been unreasonable, as Grindr's Terms make clear Grindr does not verify users' identities, check backgrounds, or monitor communications.  *See, e.g.*, *Dix v. Nova Benefit Plans, LLC*, 2015 WL 12859221, at *5 (C.D. Cal. Apr. 28, 2015) (no reasonable reliance given "unambiguous disclaimers"); *Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*, 2020 WL 5128629, at *11 (N.D. Cal. Aug. 31, 2020) (no reasonable reliance on statement rates were non-negotiable when claimant negotiated its rate).

#### 4.     Plaintiff fails to allege proximate causation.

Plaintiff claims he "would not have connected with the four men who raped him but for" communications Grindr permitted him to send and receive.  FAC ¶ 103.  But this does not adequately allege Grindr proximately caused Plaintiff's injuries, which criminals undisputedly caused.  FAC ¶¶ 11, 57, 60, 61, 63.

GRINDR'S MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"Criminal conduct" is "ordinarily … the proximate cause of an injury, superseding any [alleged] prior negligence which might otherwise be deemed a contributing cause." *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1449 (1993).  In these circumstances, where "the only reasonable conclusion is an absence of causation," dismissal on the pleadings is proper. *State Dep't of State Hosps. v. Superior Ct.*, 61 Cal. 4th 339, 357 (2015) (rejecting on pleadings claim that agency was responsible for killing of plaintiffs' relative by releasing the killer from custody, as intervening criminal acts rendered the asserted chain of causation "conjectural").

Plaintiff's claim that Grindr "create[d] the conditions that made [his] injuries possible" by providing a communications platform fails for the same reason. *Modisette*, 30 Cal. App. 5th at 154 (allegations "too remotely connected" to hold Apple liable for deaths caused by distracted driver with an iPhone).  In fact, courts routinely dismiss on the pleadings users' claims against online services based on other users' conduct. *See, e.g.*, *Fields v. Twitter, Inc.*, 881 F.3d 739, 749 (9th Cir. 2018) (no proximate cause for terrorist attack where Twitter provided terrorists "communication equipment" and "messaging services"); *Gamache v. Airbnb, Inc.*, 2017 WL 3431651, at *2 (Cal. Ct. App. Aug. 10, 2017) (no proximate cause where Airbnb "facilitates" transactions by those accused of causing the nuisance).

Plaintiff was the victim of terrible crimes.  But Grindr was not the proximate cause or legally responsible.

## V.   CONCLUSION

Grindr respectfully requests an order granting its motion with prejudice.

DATED:  April 28, 2023              DAVIS WRIGHT TREMAINE LLP

By: /s/   *Adam S. Sieff*
          Adam S. Sieff

Attorneys for Defendants
Grindr Inc. and Grindr LLC

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,995 words, which complies with the word limit of L.R. 11-6.1

DATED: April 28, 2023                    /s/    *Adam S. Sieff*
                                                      Adam S. Sieff

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899