AMBIKA KUMAR (*pro hac vice*)
ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 757-8039
Fax: (206) 757-7039

ADAM S. SIEFF (SBN 302030)
adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendants*
*Grindr Inc. and Grindr LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRINDR INC., a Delaware corporation, and GRINDR LLC, a California Corporation,<br><br>Defendant. | Case No. 2:23-cv-02093-ODW-PD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Action Filed:    March 10, 2023<br>Action Removed:  March 21, 2023<br><br>The Hon. Otis D. Wright, II<br><br>Date:    August 7, 2023<br>Time:    1:30 p.m.<br>Place:    Courtroom 5D |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT .................................................................................................. 1

       A.     Section 230 Preempts Plaintiff's Claims............................................ 1

              1.     Grindr satisfies Section 230's elements. .................................. 1

              2.     FOSTA does not exempt Plaintiff's claims. ............................. 5

       B.     The First Amendment Bars Plaintiff's Claims. .................................. 7

       C.     Plaintiff's Claims Fail for Independent Reasons................................ 7

              1.     Grindr is not a "product."......................................................... 7

              2.     Plaintiff alleges no duty. .......................................................... 9

              3.     Plaintiff alleges no misrepresentation. .................................... 9

              4.     Plaintiff alleges no proximate causation. ............................... 10

III.   CONCLUSION ............................................................................................ 10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*A.M. v. Omegle.com LLC*,
5
2023 WL 1470269 (D. Or. 2023)................................................... 1, 5, 6

6

*A.M. v. Omegle.com LLC*,
7
614 F. Supp. 3d 814 (D. Or. 2022) ................................................. 1, 5

8

*Anderson v. TikTok, Inc.*,
2022 WL 14742788 (E.D. Pa. 2022) .....................................................4
9

*Bartnicki v. Vopper*,
10
532 U.S. 514 (2001)................................................................................7

11

*Beckman v. Match.com, LLC*,
12
668 F. App'x 759 (9th Cir. 2016) ...........................................................5

13

*Bell Atl. Corp. v. Twombly*,
14
550 U.S. 544 (2007)................................................................................8

15

*Bride v. Snap Inc.*,
16
2023 WL 2016927 (C.D. Cal. 2023).......................................................4

17

*Carafano v. Metrosplash.com, Inc.*,
339 F.3d 1119 (9th Cir. 2003) ...............................................................4
18

19

*Carson v. Pac. Hills Sch.*,
2014 WL 12968029 (C.D. Cal. 2014) .....................................................9
20

21

*Doe v. Fitzgerald*,
2022 WL 2784805 (C.D. Cal. 2022)........................................................6
22

23

*Doe v. Fitzgerald*,
2022 WL 425016 (C.D. Cal. 2022)..........................................................6

24

*Doe v. Grindr LLC*,
25
2022 WL 3139101 (E.D.N.Y. 2022) .......................................................6

26

*Doe v. Internet Brands, Inc.*,
27
824 F.3d 846 (9th Cir. 2016) ..................................................................5

28

ii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Doe v. MySpace, Inc.*,
  528 F.3d 413 (5th Cir. 2008) ................................................................3

*Doe v. Snap, Inc.*,
  2022 WL 2528615 (S.D. Tex. 2022) ................................................. 3, 4

*Doe v. Twitter, Inc.*,
  555 F. Supp. 3d 889 (N.D. Cal. 2021), *aff'd and rev'd on other grounds*,
  2023 WL 3220912 (9th Cir. 2023) ......................................................4

*Doe v. Uber Techs., Inc.*,
  79 Cal. App. 5th 410 (2022) ................................................................9

*Does 1-6 v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. 2022) ......................................................... 6, 7

*Dyroff v. Ultimate Software Grp., Inc.*,
  934 F.3d 1093 (9th Cir. 2019) .................................................. 1, 3, 4, 9

*Escola v. Coca-Cola Bottling Co.*,
  24 Cal.2d 453 (1944) .........................................................................8

*Est. of Lopez v. Torres*,
  2016 WL 429910 (S.D. Cal. 2016) ................................................... 10

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) (en banc) ............................................4

*Gentry v. eBay, Inc.*,
  99 Cal. App. 4th 816 (2002) ................................................................9

*Greater Houston Transp. Co. v. Uber Techs., Inc.*,
  155 F. Supp. 3d 670 (S.D. Tex. 2015) ............................................. 10

*Green v. Miss U.S.A., LLC*,
  52 F.4th 773 (9th Cir. 2022) ...............................................................7

*Hardin v. PDX, Inc.*,
  227 Cal. App. 4th 159 (2014) ..............................................................8

*Herrick v. Grindr LLC*,
  306 F. Supp. 3d 579 (S.D.N.Y. 2018),
  *aff'd*, 765 F. App'x 586 (2d Cir. 2019) ..............................................8

iii

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Herrick v. Grindr LLC*,
   765 F. App'x 586 (2d Cir. 2019) ................................................................. 1, 2, 8

*HomeAway.com, Inc. v. City of Santa Monica*,
   918 F.3d 676 (9th Cir. 2019) ...............................................................................4

*In re Facebook, Inc.*,
   625 S.W.3d 80 (Tex. 2021) ............................................................................ 2, 3

*Jackson v. Airbnb, Inc.*,
   --- F. Supp. 3d ----, 2022 WL 16752071 (C.D. Cal. 2022) ........................... 8, 10

*Jackson v. Airbnb, Inc.*,
   2022 WL 16753197 (C.D. Cal. 2022) .......................................................... 4, 5

*King v. Facebook, Inc.*,
   572 F. Supp. 3d 776 (N.D. Cal. 2021) ...............................................................2

*L.W. v. Snap Inc.*,
   2023 WL 3830365 (S.D. Cal. 2023) ...................................................... 3, 4, 5, 7

*Lee v. OfferUp, Inc.*,
   2018 WL 4283371 (E.D. La. 2018) ....................................................................3

*Lemmon v. Snap, Inc.*,
   995 F.3d 1085 (9th Cir. 2021) ................................................................... 1, 4, 5

*Lopez v. McDonald's Corp.*,
   193 Cal. App. 3d 495 (1987) ........................................................................... 10

*M.H. v. Omegle.com, LLC*,
   2022 WL 93575 (M.D. Fla. 2022) ................................................................. 5, 6

*Malwarebytes Inc. v. Enigma Software Group USA LLC*,
   141 S.Ct. 13 (2020) ...........................................................................................2

*Prager Univ. v. Google LLC*,
   951 F.3d 991 (9th Cir. 2020) ..............................................................................9

*Quinteros v. InnoGames*,
   2022 WL 898560 (W.D. Wash. 2022) ...............................................................8

*Rodriguez v. OfferUp, Inc.*,
   2019 WL 13247290 (M.D. Fla. 2019) ...............................................................3

iv

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Smith v. California*,
  361 U.S. 147 (1959) .............................................................................7

*Twitter, Inc. v. Taamneh*,
  143 S.Ct. 1206 (2023) ...........................................................................7

*United States v. Clark*,
  435 F.3d 1100 (9th Cir. 2006) ..............................................................6

*United States v. Todd*,
  627 F.3d 329 (9th Cir. 2010) ................................................................6

*Winter v. G.P. Putnam's Sons*,
  938 F.2d 1033 (9th Cir. 1991) ..............................................................8

*XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*,
  214 F. Supp. 3d 179 (E.D.N.Y. 2016) ............................................... 10

*Ziencik v. Snap, Inc.*,
  2023 WL 2638314 (C.D. Cal. 2023)................................................ 8, 9

**Statutes**

18 U.S.C.
  § 1591.....................................................................................................5
  § 1591(a)(1)............................................................................................6

47 U.S.C. § 230 ........................................................................... 1, 4, 5

**Constitutional Provisions**

United States Constitution
  First Amendment............................................................................ 1, 7

**Other Authorities**

Eric Goldman, *Omegle Denied Section 230 Dismissal*, Tech. & Mktg. L.
  Blog (2022) (https://tinyurl.com/yk6zm6tw)........................................5

Restatement (Third) of Torts: Prod. Liab. § 19 (1998)..............................8

v

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.      INTRODUCTION

Plaintiff advances a theory rejected by every appellate court to consider it: that a social-networking service may be liable for injuries inflicted by one user on another merely because the two met using the service.

The Ninth Circuit rejected this theory in *Dyroff v. Ultimate Software Group, Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019), where a website allegedly "steered" a user to "another user" whom he met "off the site" to buy fentanyl-laced heroin, holding a plaintiff cannot evade Section 230 "by framing … website features as content."  The Second Circuit rejected materially identical claims that Grindr's "defective[] design" caused the plaintiff's off-site harassment in *Herrick v. Grindr LLC*, 765 F. App'x 586, 591 (2d Cir. 2019).   All but one district court has reached the same conclusion.

Cornered, Plaintiff falsely claims *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021) "unequivocally" holds product liability claims exempt from Section 230.   Opp. 1.   It does not.   Plaintiff then invokes the single outlier, *A.M. v. Omegle.com LLC* (D. Or.), which a leading scholar has called "obviously wrong." Neither *Lemmon* nor *A.M.* considered whether the First Amendment barred the claims, nor whether the plaintiffs had alleged their essential elements under California law—in particular, whether a social-networking service is a "product" (it is not), or whether such services owe duties to ordinary users (they do not).

The Court should dismiss with prejudice.

## II.      ARGUMENT

### A.      Section 230 Preempts Plaintiff's Claims.

#### 1.      Grindr satisfies Section 230's elements.

Plaintiff admits Grindr is a service eligible for Section 230's protections.  Opp. 3.  And he does not deny he was lured into danger by other users' messages.  *See* FAC ¶¶ 54-63, 103.  Still, he argues his claims are "not based upon injuries resulting from Grindr's role … publish[ing] third-party content" but its "design," including how it "matches" "geographically proximate" users to "communicate," features he

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  claims "materially contribute[d]" to his attacker's conduct.  Opp. 3-4, 10-11.

2          The Second Circuit rejected this argument in *Herrick*, 765 F. App'x at 590-91,

3  where the plaintiff claimed Grindr was responsible for in-person harassment by other

4  users caused by his ex-boyfriend impersonating him on the app.  Plaintiff argues the

5  claims targeted "Grindr's editorial decision to allow the ex-boyfriend to continue

6  using the product."  Opp. 8.  Not so.  The *Herrick* plaintiff also couched his claims in

7  "product liability" and "negligent design," "premised on Grindr's matching and

8  geolocation features."  *Id.* at 589, 591; *see also* Plaintiff-Appellant's Br., 2018 WL

9  2746204, at *34 (2d Cir. filed 2018) (claiming Grindr's "dangerously designed

10  product" failed to "address the harms" caused by "facilitat[ing] sexual encounters

11  between strangers via automated geolocation and algorithmic matchmaking").

12  Plaintiff here also faults Grindr for "geolocation features" that purportedly "match[]

13  children with geographically proximate adults."  Opp. 2, 4, 8, 10, 11, 14, 15, 23.  And

14  here, too, Grindr cannot "be held liable for providing 'neutral assistance' in the form

15  of tools and functionality" that help users communicate and are "available equally to

16  bad actors and the app's intended users."  765 F. App'x at 591.  Plaintiff's claims,

17  based on "Grindr's design and operation of the app," seek "to hold Grindr liable for

18  its failure to combat" the exchange of content and are thus "inextricably linked to

19  Grindr's alleged failure to edit, monitor, or remove" such content.  *Id.* at 590-91.[1]

20          "[E]very published decision" has rejected efforts to recast claims based on user

21  content as a failure to "warn" or "protect" users "from the dangers posed by its

22  products."  *In re Facebook, Inc.*, 625 S.W.3d 80, 93-95 (Tex. 2021) (citing cases).

23  The Texas Supreme Court thus rejected negligence and product liability claims that

24  Facebook failed "to warn" minors "or otherwise protect them against recruitment into

25  sex trafficking by other users" since Facebook's alleged failures—to design

26

27  [1] Justice Thomas's statement in *Malwarebytes Inc. v. Enigma Software Group USA LLC*, 141 S.Ct.
    13 (2020) (Thomas, J., statement), Opp. 8, is "not binding."  *King v. Facebook, Inc.*, 572 F. Supp.

28  3d 776, 796 (N.D. Cal. 2021).  If anything, it *underscores* that existing law bars Plaintiff's claims.
    *See* 141 S. Ct. at 18 (citing *Herrick* as "grant[ing] immunity on a design-defect claim").

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"safeguards to prevent adults from contacting minors" and "protect Plaintiffs from third-party users"—"would in reality hold the company liable simply because it" was "an intermediary for other parties' injurious messages." *Id.* at 93-94. Here, too, "the actions" Grindr allegedly "should have taken" are "those of a 'publisher' for purposes of [S]ection 230." *Id.* at 93. "This has been the unanimous view of other courts confronted with claims alleging that defectively designed internet products allowed for transmission of harmful third-party communications." *Id.* at 94. Whether "couched as failure to warn, negligence, or some other tort of omission, any liability would be premised on second-guessing" Grindr's "decisions relating to the monitoring, screening, and deletion of third-party content." *Id.* at 93.

Courts dismiss claims predicated on harms caused by one user to another merely because they met through an online service. *See* Mot. 6-7 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 419-22 (5th Cir. 2008) and other cases); *see also L.W. v. Snap Inc.*, 2023 WL 3830365, at *1, 3-6 (S.D. Cal. 2023) (dismissing claims Snapchat "facilitates sex crimes against children" because they turned on connecting users and "enabling the transmission" of content between them); *Doe v. Snap, Inc.*, 2022 WL 2528615, at *14 (S.D. Tex. 2022) (dismissing claim Snapchat "created the opportunity for Guess-Mazock to send illicit messages to Doe," which would "hold Snap liable for [their] communications exchanged"); *Rodriguez v. OfferUp, Inc.*, 2019 WL 13247290, at *3 (M.D. Fla. 2019) (dismissing claims for harms suffered after another user "persuaded [plaintiff] to meet him through … the OfferUp application"); *Lee v. OfferUp, Inc.*, 2018 WL 4283371, at *4 (E.D. La. 2018) (same).

The Ninth Circuit's decision in *Dyroff*, Mot. 5-6, 18, is dispositive. There, plaintiff claimed a website was responsible for connecting her son with a user who sold him lethal heroin. 934 F.3d 1093. The Ninth Circuit held permitting liability for "recommending" the user to the decedent would treat the website "as a publisher of others' content" since its user-recommendation functions were—like Grindr's user-matchmaking function—"tools meant to facilitate the communication and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

content of others." *Id.* at 1098 (distinguishing *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019), Opp. 9).[2]  Plaintiff makes no attempt to distinguish this holding.

Instead, Plaintiff claims *Lemmon* "unequivocally determined" services "are not entitled to Section 230 immunity for claims grounded in product liability."  Opp. 1, 4-9.  That is a reckless overstatement.  *Lemmon* involved an app's "speed filter" that purportedly encouraged users to drive fast, creating an "independent[]" danger *even if* the filter was not used to create (or send) content.  995 F.3d at 1093-94.  Here, however, Plaintiff was not injured *just* by being matched, but also (and primarily) from being lured into danger by messages. FAC ¶¶ 54-63, 103.  *Lemmon* is routinely distinguished where, as here, "the harm" is *not* independent but "related to the posting of third-party content." *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 929-30 (N.D. Cal. 2021) (rejecting claim Twitter was "designed so as to make it easy for child predators and sex traffickers" to find victims), *aff'd and rev'd on other grounds*, 2023 WL 3220912 (9th Cir. 2023); *see also, e.g.*, *Jackson v. Airbnb, Inc.*, 2022 WL 16753197, at *2 (C.D. Cal. 2022) (dismissing claims Snap allowed illegal gun sales; distinguishing *Lemmon* because alleged "harm could occur even if the photo or video was not shared"); *Bride v. Snap Inc.*, 2023 WL 2016927, at *5-6 (C.D. Cal. 2023) (rejecting effort "to characterize anonymity as a feature or design independent of the content" that caused harm); *L.W.*, 2023 WL 3830365, at *5 (dismissing claims based on user-matching function; harm was "directly related to … third-party content" ); *Doe v. Snap*, 2022 WL 2528615, at *14 (barring claims Snapchat allowed predator to communicate with minor); *Anderson v. TikTok, Inc.*, 2022 WL 14742788, at *4 (E.D. Pa. 2022), Mot. 7, 9 (dismissing claim targeting how TikTok "publish[es] third-

---

[2] *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003), Mot. 5, 7, also barred claims against a dating website where the plaintiff argued that neutral-matchmaking tools enabled a user to harm the plaintiff-user.  *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1172 (9th Cir. 2008) (en banc) (approving *Carafano*'s holding).

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

party user content").

Against this authority—which Plaintiff largely ignores—Plaintiff relies on a single outlier, *A.M. v. Omegle.com LLC*, 614 F. Supp. 3d 814 (D. Or. 2022).  Opp. 6-7.  But *A.M.* misreads *Lemmon* and conflicts with every other decision, including another opinion dismissing near-identical claims against the same defendant.  *M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *1 (M.D. Fla. 2022); *see also* Eric Goldman, *Omegle Denied Section 230 Dismissal*, Tech. & Mktg. L. Blog (2022) (https://tinyurl.com/yk6zm6tw) (*A.M.* was "obviously wrong").

Nor does *Doe v. Internet Brands, Inc.,* 824 F.3d 846 (9th Cir. 2016), Opp. 9-10, spare Plaintiff's failure-to-warn claim.  Again, Mot. 8-9, that case only exempts claims where services (i) have **actual knowledge** that (ii) a **specific user** (iii) poses a **specific danger**.  824 F.3d at 851.  Plaintiff claims "no authority" supports this construction. Opp. 10.  That ignores *Beckman v. Match.com, LLC*, 668 F. App'x 759 (9th Cir. 2016), where the court permitted a failure-to-warn claim only because the plaintiff "could allege that Match had **actual knowledge** that Ridley"—a specific user—had "attacked other women using Match's service." *Id.* at 760 (emphasis added); *accord L.W.*, 2023 WL 3830365, at *7-8 (distinguishing *Internet Brands* for involving "known harm or danger"). Plaintiff alleges no such facts.

"The 'policy of [S]ection 230 is to avoid' the chilling of speech 'by the imposition of tort liability upon companies that do not create potentially harmful messages but are simply intermediaries[.]'" *Jackson*, 2022 WL 16753197, at *2 (citation omitted).  "This is exactly the sort of case for which Section 230 provides an impenetrable shield." *Id.*

### 2.    FOSTA does not exempt Plaintiff's claims.

Plaintiff concedes FOSTA only exempts civil sex-trafficking claims that constitute **criminal** violations of 18 U.S.C. § 1591.  Opp. 11.  Again, he relies **entirely** on a decision in *A.M. v. Omegle.com LLC*, 2023 WL 1470269 (D. Or. 2023).  Opp. 11-15.   Under  well-established  authority—including  a  district  court's  decision

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

rejecting near-identical claims against the same defendant, *M.H.*, 2022 WL 93575—Plaintiff cannot plausibly allege facts sufficient to indict Grindr for sex crimes. *See also Doe v. Grindr LLC*, 2022 WL 3139101, at *1, 7 (E.D.N.Y. 2022) (voluntary dismissal where court agreed plaintiff could not "sufficiently plead" sex trafficking).

First, Plaintiff does not allege a "commercial sex act." *See* Mot. 10-11. Plaintiff argues Grindr collects revenue from advertisers who know Grindr's service sometimes leads to sex. *See* Opp. 13-14. But a "[c]ommercial sex act" requires an "exchange[]" of value "for sex acts," *United States v. Clark*, 435 F.3d 1100, 1115 (9th Cir. 2006), Mot. 10, that is, a "quid pro quo." Mot. 10-11. Plaintiff's contrary theory would make sex actionable as trafficking simply because it was somehow enabled by businesses, yielding "absurd results." *Doe v. Fitzgerald*, 2022 WL 425016, at *7 (C.D. Cal. 2022). Restaurants could be liable because they collect money from diners whom they know may have sex. Because Plaintiff does not allege he was enticed to have sex in exchange for anything, both trafficking claims fail.

Second, Plaintiff has no direct-perpetrator claim because he cannot allege Grindr "planned" to "cause" him "to engage in a commercial sex transaction." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010), Mot. 11-12. Again, Plaintiff ignores cited authority and statutory text requiring him to allege Grindr knew he—"the person" allegedly trafficked—was under 18 and would "be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1); Mot. 12 (citing *Todd*; *Doe v. Fitzgerald*, 2022 WL 2784805, at *4, 7 (C.D. Cal. 2022)). Nor does Plaintiff try to allege these facts, instead claiming Grindr ***should*** have known ***other*** minors ***previously*** misused its app and had sex with adults. Opp. 12-13.

Third, Plaintiff has no beneficiary claim because he cannot plausibly allege Grindr knowingly and "actively participated" in his attackers' crimes, or that Grindr knowingly earned revenue ***because of*** that participation. *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145-46 (9th Cir. 2022), Mot. 12-14. Plaintiff again relies solely on *A.M.* to argue these elements are satisfied because Grindr has allegedly been misused

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

before to enable "sex acts between minors and adults" and "benefitted from those sex acts through advertising revenue." Opp. 15. Plaintiff purports to distinguish *Reddit* on grounds that Grindr "facilitate[s] private sexual connections," *id.*, but fails to explain how this is different from Reddit "provid[ing] a platform" for users' misconduct and "mak[ing] money from advertising on all popular" threads across its service. *Reddit*, 51 F.4th 1145-46; *see also L.W.*, 2023 WL 3830365, at *7 ("attenuated allegations" Snap should've known about "sexual misconduct" were "insufficient").

Considering similar abettor claims, the Supreme Court held "creating" social-networking services "generally available to the internet-using public" and "setting up their algorithms" to "match[]" and "display content relevant to user inputs" was insufficient to "state a claim for culpable assistance of participation" in one user's "attack" on the plaintiff. *Twitter, Inc. v. Taamneh*, 143 S.Ct. 1206, 1226, 1227 (2023). That is what Plaintiff alleges here.

**B.     The First Amendment Bars Plaintiff's Claims.**

Plaintiff concedes *Smith v. California,* 361 U.S. 147 (1959) bars his claims if they are "based on" Grindr's "role as a distributor of third-party content," contending he instead seeks to hold Grindr liable for "conduct," not speech. Opp. 15-16. But "[c]alling" the object of his claims "something other than speech does not make it so." *Green v. Miss U.S.A., LLC,* 52 F.4th 773, 780 (9th Cir. 2022). The "conduct" Plaintiff targets, Opp. 15, is Grindr ***making content available online*** that it "should have known" would invite illicit activity "regardless of whether" Grindr had actual knowledge. FAC ¶¶ 89-125, 129, 136-37. "[I]f the acts of 'disclosing' and 'publishing' information do not constitute speech, it is hard to imagine what does[.]" *Bartnicki v. Vopper*, 532 U.S. 514, 527 (2001) (citation omitted).

**C.     Plaintiff's Claims Fail for Independent Reasons.**

**1.     Grindr is not a "product."**

Plaintiff cites no case treating a social-networking app as a "product" and

7

makes almost no effort to distinguish Grindr's contrary authorities.  *See* Mot. 15-17. Like other social-networking apps held to be services, Grindr "allows its users to communicate with one another by sending and receiving messages," *Ziencik v. Snap, Inc.*, 2023 WL 2638314, at *1, 4 (C.D. Cal. 2023), provides a "platform that connects users," *Jackson v. Airbnb, Inc.*, --- F. Supp. 3d ----, 2022 WL 16752071, at *9 (C.D. Cal. 2022), and enables "interaction between" them, *Quinteros v. InnoGames*, 2022 WL 898560, at *1, 7 (W.D. Wash. 2022).  FAC ¶¶ 21, 25, 33.  The Court is "not bound to accept" Plaintiff's contrary "legal conclusion." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Cases involving defective "software" change nothing. Opp. 15-16.  "[T]here are no cases" concerning whether software is a product for product liability purposes. Restatement (Third) of Torts: Prod. Liab. § 19 (1998).  The cited portion of *Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1035 (9th Cir. 1991), merely "suggested in dictum that computer software might be considered a product." *Id.*  Plaintiff similarly relies on dicta in *Hardin v. PDX, Inc.*, 227 Cal.App.4th 159, 170 (2014), Opp. 17, where the court refused to decide whether software is a product because the defendant had not argued that it was.  And far from "adopt[ing] the assumption that products liability law applies to software," Opp. 17, the *Herrick* district court held it "need not address" that question.  *Herrick v. Grindr LLC*, 306 F. Supp. 3d 579, 592 n.9 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019).

The "policy rationale," Opp. 18, supports Grindr, not Plaintiff.  Product liability reflects a judgment that physical product-makers are "best situated" to "reduce the hazards to life and health" of their goods because they can "anticipate" and "guard against" them during the manufacturing process and "distribute[]" the resulting costs on a small per-unit basis among consumers. *Escola v. Coca-Cola Bottling Co.*, 24 Cal.2d 453, 462 (1944) (Traynor, J., concurring).  But it is difficult to anticipate how an online service will be used to harm others and little a service provider can do to prevent such harms.  Nor may a service like Grindr distribute costs

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

among purchasers, as it does not sell its service. The rationale animating product liability policy has no application to services like Grindr.

### 2. Plaintiff alleges no duty.

Plaintiff concedes he cannot allege a duty based on nonfeasance and instead claims a duty in misfeasance because "Grindr *created a risk of harm*—sexual abuse—when its [service] matched him" with his attackers. Opp. 20. But the "creation and operation of a communication platform … does not by itself create a risk of third-party misuse." *Ziencik*, 2023 WL 2638314, at *5. Rather, the tortfeasor's actions must be a "necessary component" of the service. *Doe v. Uber Techs., Inc.*, 79 Cal.App. 5th 410, 427 (2022). Thus, even where "assault and rape by third parties is" allegedly "a foreseeable result of a defendant's actions," or where the conduct allegedly "may not have occurred absent the defendant's actions," there is no misfeasance. *Id.* Because Plaintiff cannot plausibly allege that sex with minors is a "necessary component" of Grindr's service—Plaintiff concedes Grindr forbids it, FAC ¶¶ 29, 35, 49, 85, 161, 165—he cannot allege a duty. *See Dyroff*, 934 F.3d at 1095, 1100-01 (recommendations that "steered" plaintiff's son to meet man who harmed him not misfeasance).[3]

### 3. Plaintiff alleges no misrepresentation.

Plaintiff contends Grindr misrepresented that its service seeks to provide a "safe space" for LGBTQ+ users. Opp. 20. Although he calls this a "misdescription[]," *id.* at 21, such an "opinion" "express[ing] only" a service's "judgment as to quality" is "not grounds for a misrepresentation cause of action." *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835 (2002) ("subjective statement as to the significance of a positive rating" not actionable). The statement is neither actionable nor something on which Plaintiff could have reasonably relied. *See Prager Univ. v. Google LLC*, 951 F.3d

---

[3] Plaintiff's claim for negligence per se fails because that doctrine "does not create liability where no independent duty of care exists." *Carson v. Pac. Hills Sch.*, 2014 WL 12968029, at *3 (C.D. Cal. 2014).

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

991, 1000 (9th Cir. 2020) (statements YouTube enables users to "speak freely" and "build community" are "non-actionable opinions or puffery"); *XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*, 214 F. Supp. 3d 179, 184 (E.D.N.Y. 2016) (statements about safety and screening of drivers not actionable); *Greater Houston Transp. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 684 (S.D. Tex. 2015) (same).

### 4.    Plaintiff alleges no proximate causation.

Plaintiff argues his attackers' "intervening criminal acts" were "foreseeable 'hazards' of the Grindr App," and thus do not defeat proximate causation.  Opp. 22. But "[i]t is difficult if not impossible in today's society to predict when a criminal might strike."  *Jackson*, 2022 WL 16752071, at *8 (citation omitted).  Even "past crimes" do not make criminal acts foreseeable.  *Id.* (specific crime "not reasonably foreseeable" despite allegation Airbnb "is abundantly aware of the incessant criminal activity taking place" on its platform); *see also Lopez v. McDonald's Corp.*, 193 Cal.App.3d 495, 510-11 (1987) (prior crimes did not make massacre foreseeable). The criminal misuse of Grindr's app was an "unforeseen and abnormal intervention" that "break[s] the chain of proximate causation."  *Est. of Lopez v. Torres*, 2016 WL 429910, at *8 (S.D. Cal. 2016) (dismissing because plaintiffs did not allege defendants "instructed or encouraged" specific superseding crimes).

## III.    CONCLUSION

Grindr respectfully requests an order granting its motion with prejudice.

DATED:  June 16, 2023                    DAVIS WRIGHT TREMAINE LLP


                                        By:  /s/     *Adam S. Sieff*
                                                    Adam S. Sieff

                                        Attorneys for Defendants
                                        Grindr Inc. and Grindr LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,292 words, which complies with the word limit of L.R. 11-6.1 and Part VII.A.3 of the Court's Standing Order governing reply papers.

DATED: June 16, 2023             /s/    *Adam S. Sieff*
                                              Adam S. Sieff

GRINDR'S REPLY ISO MOTION TO DISMISS
Case No. 2:23-cv-02093-ODW-PD

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899